# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RONALD SATISH EMRIT,

                Plaintiff,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE, *et al.*,

                Defendants.

Case No. 3:25-cv-00187-SLG

## ORDER OF DISMISSAL

On August 22, 2025, self-represented litigant Ronald Satish Emrit ("Plaintiff") filed a complaint, a civil cover sheet, and an application to proceed without paying the filing fee.[1] Plaintiff's Complaint names the U.S. Patent and Trademark Office, the U.S. Department of Commerce, the NASA Goddard Space Flight Center, the American Institute of Physics, the Kennedy Space Center, and the National Science Foundation as Defendants and includes an incomprehensible narrative involving the big bang theory, the connection of black holes to white holes via wormholes, extra dimensions, mariachi bands, anagrams, number theory, and the National Football League. Plaintiff includes multiple links to alleged online music videos,[2] and he also filed screenshots of his email, google searches, and a few

---

[1] Dockets 1–3.

[2] Docket 1 at 12.

photos.[3] Plaintiff claims that he "has been trying to obtain a design patent or utility patent through litigation for three groundbreaking ideas related to quantum mechanics, astrophysics, special relativity, general relativity, and biomedical engineering."[4] For relief, Plaintiff seeks $500 billion in damages, an order requiring the U.S. Patent and Trademark Office and the U.S. Department of Commerce to award both a design patent and utility patent,[5] and an order requiring all defendants to recognize and support his ideas.[6]

The Court has now screened the Complaint in accordance with 28 U.S.C. § 1915, 1915A. Upon review, the Complaint fails to adequately state a claim for which relief may be granted. Plaintiff has not alleged any legally recognized harms or injuries traceable to any particular Defendants' conduct that a court could possibly resolve, and his claims lack an arguable basis in law and fact.[7] Additionally, the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper venue for this action.[8] Plaintiff claims to be a resident of either Florida and

---

[3] Dockets 1-1 through 1-8.

[4] Docket 1 at 3.

[5] Docket 1 at 19.

[6] Docket 1 at 20.

[7] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

[8] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

Maryland (spending half the year in each state).[9] None of the Defendants reside in Alaska;[10] none of the alleged events took place in Alaska; and Plaintiff himself indicates this case should be heard in the U.S. District Court for the District of Eastern Louisiana.[11] As such, this Court is certainly not the appropriate venue for Plaintiff's Complaint. When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[12]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[13] of the hundreds of complaints Plaintiff has filed in federal courts across the country that have been dismissed as frivolous.[14] Earlier this year, the

---

[9] Docket 1 at 8-9.

[10] *See* Docket 1 at 9.

[11] Docket 1 at 10, ¶ 42 (alleging that "the U.S. District Court for the District of Eastern Louisiana ... has jurisdiction over this matter....")

[12] 28 U.S.C. § 1406(a). *See also Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (explaining that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith.").

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[14] *See, e.g., Emrit v. Musk,* Case No. 1:25-CV-00008-SNLJ, 2025 WL 2480901, at *1 (E.D. Mo. 2025) ("A search of his name in the federal judiciary's Public Access to Court Electronic Records (PACER) produces a list of 607 district court cases and 392 appeals."); *See also Emrit v. Combs,* Case No. 24-CV-0129, 2024 WL 199548, at *1 n.1 (E.D. Pa. 2024) (documenting Emrit's history of filing frivolous cases); *Emrit v. Combs,* Case No. 1:24-cv-129, 2024 WL 1121579, at *1 (W.D. Mich. 2014) ("A well–documented 'serial pro se filer' since approximately 2013, Plaintiff Ronald Satish Emrit... has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii.").

Court dismissed two cases filed by Plaintiff as frivolous, noting that Plaintiff is a serial filer who has been deemed a "vexatious litigant" in at least six district courts, and the Ninth Circuit has entered a pre-filing review order against Plaintiff.[15] Plaintiff "has an apparent proclivity for filing the same case simultaneously in multiple districts."[16] Indeed, on August 29, 2025, the U.S. District Court for the District of Hawaii dismissed nearly identical claims to the claims filed in this case, describing his narrative as a "rambling ode to his imagination."[17]

For the foregoing reasons, the Court finds that granting Plaintiff leave to file an amended complaint in this action would be futile. The Court further finds that transferring this case to another district is not in the interest of justice because Plaintiff's claims are frivolous.[18] Therefore, this case must be dismissed.

---

[15] *Emrit v. Musk, et al.,* Case No. 3:25-cv-00187-SLG, Docket 6 (dismissing the case as frivolous) (D. Alaska 2025); *Emrit v. The Grammy Awards on CBS,* Case No. 3:24-cv-00017-SLG, Docket 7 (dismissing the case and frivolous and certifying that any appeal would not be taken in good faith) (D. Alaska 2025).

[16] *See Emrit v. Universal Music Grp.,* Case No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. 2019), report and recommendation adopted, Case No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. 2019) (collecting cases).

[17] *Emrit v. United States Pat. & Trademark Off.,* Case No. 25-CV-00356-DKW-RT, 2025 WL 2495035, at *1 (D. Haw. 2025) (dismissing Plaintiff's claims against numerous federal government entities, including the U.S. Patent and Trademark Office U.S. Patent and Trademark Office, without leave to amend).

[18] *See Amity Rubberized Pen Co. v. Market Quest Group Inc.,* 793 F.3d 991, 996 (9th Cir. 2015) (explaining that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith."); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (holding a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional").

**WARNING RE FUTURE FILINGS**

Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading with the Court, they certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[19] Plaintiff is cautioned that the continued filing of claims in the District of Alaska that Plaintiff knows, or should know, will be dismissed may result in the entry of a vexatious litigant order by this Court requiring prescreening of Plaintiff's filings in this forum.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. Plaintiff must not file any future complaints for which he lacks a sufficient legal or factual basis.

4. The Court certifies that any appeal from this disposition would not be taken in good faith.[20]

---

[19] Fed. R. Civ. P. 11(b)(2–3).

[20] Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Case No. 3:25-cv-00187-SLG, *Emrit v. United States Patent and Trademark Office, et al.*
Order of Dismissal
Page 5 of 6
Case 3:25-cv-00187-SLG    Document 4    Filed 09/15/25    Page 5 of 6

5. The Clerk of Court shall issue a final judgment and notify the Ninth Circuit Court of Appeals of the entry of this order.

DATED this 15th day of September, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00187-SLG, *Emrit v. United States Patent and Trademark Office, et al.*
Order of Dismissal
Page 6 of 6
Case 3:25-cv-00187-SLG   Document 4   Filed 09/15/25   Page 6 of 6